IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA (PHILADELPHIA)

| | |
|---|---|
| IN RE:<br>CHERISSE CORNER<br>　　　　Debtor | BK. No. 15-17304-sr<br><br>Chapter No. 13 |
| THE BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK, SUCCESSOR IN INTEREST TO JPMORGAN CHASE BANK, N.A. F/K/A JPMORGAN CHASE BANK AS TRUSTEE FOR GSMPS MORTGAGE LOAN TRUST 2003-2, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2003-2<br>　　　　Movant<br>　　　　v.<br>CHERISSE CORNER<br>A/K/A CHERISSE V. CORNER<br>DARRELL CORNER<br>　　　　Respondents | 11 U.S.C. §362 |

**MOTION OF THE BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK, SUCCESSOR IN INTEREST TO JPMORGAN CHASE BANK, N.A. F/K/A JPMORGAN CHASE BANK AS TRUSTEE FOR GSMPS MORTGAGE LOAN TRUST 2003-2, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2003-2 FOR RELIEF FROM AUTOMATIC STAY UNDER §362 PURSUANT TO BANKRUPTCY PROCEDURE RULE 4001**

Movant, by its attorneys, PHELAN HALLINAN DIAMOND & JONES, LLP, hereby requests a termination of Automatic Stay and leave to foreclose on its mortgage on real property owned by Debtor, CHERISSE CORNER.

1.　　Movant is **THE BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK, SUCCESSOR IN INTEREST TO JPMORGAN CHASE BANK, N.A. F/K/A JPMORGAN CHASE BANK AS TRUSTEE FOR GSMPS MORTGAGE LOAN TRUST 2003-2, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2003-2.**

2.　　Debtor(s) executed a promissory note secured by a mortgage or deed of trust. The promissory note is either made payable to Creditor or has been duly indorsed. Creditor, directly or through an agent, has possession of the promissory note. Creditor is the original mortgagee or beneficiary or the assignee of the mortgage or deed of trust.

3.　　Debtors, DARRELL CORNER and CHERISSE V. CORNER, are the owners of the premises located at **49 WEST BASIN STREET, NORRISTOWN, PA 19401**, hereinafter

known as the mortgaged premises.

4. Movant is the holder of a mortgage on the mortgaged premises.

5. Debtor's failure to tender monthly payments in a manner consistent with the terms of the Mortgage and Note result in a lack of adequate protection.

6. Movant instituted foreclosure proceedings on the mortgage because of Debtor's failure to make the monthly payment required hereunder.

7. The foreclosure proceedings instituted were stayed by the filing of the instant Chapter 13 Petition.

8. As of April 29, 2016, Debtor has failed to tender post-petition mortgage payments for the months of December 2015 through April 2016. The monthly payment amount for the months of December 2015 through April 2016 is $790.85, less suspense in the amount of $330.00, for a total amount due of $3,624.25. The next payment is due on or before May 1, 2016 in the amount of $790.85. Under the terms of the Note and Mortgage, Debtor has a continuing obligation to remain current post-petition and failure to do so results in a lack of adequate protection to Movant.

9. Movant has cause to have the Automatic Stay terminated as to permit Movant to complete foreclosure on its mortgage.

10. Movant specifically requests permission from the Honorable Court to communicate with the Debtor and Debtor's counsel to the extent necessary to comply with applicable nonbankruptcy law.

11. Movant, it's successors and assignees posits that due to debtor's continuing failure to tender post-petition mortgage payments and the resulting and ever increasing lack of adequate protection that said failure presents, sufficient grounds exist for waiver of Rule 4001(a)(3), and that Movant, its successors or assignees should be allowed to immediately enforce and implement the Order granting relief from the automatic stay.

12. Movant requests that Federal Rule of Bankruptcy Procedure 3002.1 be waived.

**WHEREFORE**, Movant respectfully requests that this Court enter an Order;

a. Modifying the Automatic Stay under Section 362 with respect to **49 WEST BASIN STREET, NORRISTOWN, PA 19401** (as more fully set forth in the legal description attached to the Mortgage of record granted against the Premises), as to allow Movant, its successors and assignees, to proceed with its rights under the terms of said Mortgage; and

b. Movant specifically requests permission from this Honorable Court to communicate with the Debtor and Debtor's counsel to the extent necessary to comply with applicable nonbankruptcy law; and

c. Holding that due to debtor's continuing failure to tender post-petition mortgage payments and the resulting and ever increasing lack of adequate protection that said failure presents, sufficient grounds exist for waiver of Rule 4001(a)(3), and that Movant, its successors or assignees, should be allowed to immediately enforce and implement the Order granting relief from the automatic stay; and

d. Waiving Federal Rule of Bankruptcy Procedure 3002.1; and

e. Granting any other relief that this Court deems equitable and just.

/s/ Paul Cressman, Esquire
Paul Cressman, Esq., Id. No.318079
Phelan Hallinan Diamond & Jones, LLP
1617 JFK Boulevard, Suite 1400
One Penn Center Plaza
Philadelphia, PA 19103
Phone Number: 215-563-7000 Ext 1387
Fax Number: 215-568-7616
Email: paul.cressman@phelanhallinan.com

May 5, 2016