IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:
CHERISSE CORNER
A/K/A CHERISSE V. CORNER
DARRELL CORNER
A/K/A DARRELL L. CORNER

        Debtors

CHAPTER 13

BK. No. 15-17304 SR

## ORDER

AND NOW, this 27th day of June, 2016, it is hereby

ORDERED that the corresponding Stipulation is hereby approved, shall be, and is hereby made an Order of this Court.

_____
STEPHEN RASLAVICH,
Bankruptcy Judge

FREDERICK L. REIGLE, ESQUIRE (TRUSTEE)
2901 ST. LAWRENCE AVENUE, P.O. BOX 4010
READING, PA 19606

MICHAEL W GALLAGHER, ESQUIRE
401 West Johnson Highway, Suite 4
East Norriton, PA 19401

UNITED STATES TRUSTEE
833 CHESTNUT STREET, SUITE 500
PHILADELPHIA, PA 19107

CHERISSE V. CORNER
49 WEST BASIN STREET
NORRISTOWN, PA 19401-3861

DARRELL CORNER
A/K/A DARRELL L. CORNER
49 WEST BASIN STREET
NORRISTOWN, PA 19401-3861

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>CHERISSE CORNER<br>A/K/A CHERISSE V. CORNER<br>DARRELL CORNER<br>A/K/A DARRELL L. CORNER<br>Debtors | CHAPTER 13<br><br>BK. No. 15-17304 SR |

STIPULATION IN SETTLEMENT OF MOTION FOR RELIEF
FROM THE AUTOMATIC STAY

It is hereby stipulated by and between Phelan Hallinan Diamond & Jones, LLP, counsel for the Movant, **THE BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK, SUCCESSOR IN INTEREST TO JPMORGAN CHASE BANK, N.A. F/K/A JPMORGAN CHASE BANK AS TRUSTEE FOR GSMPS MORTGAGE LOAN TRUST 2003-2, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2003-2**, and MICHAEL W GALLAGHER, Esquire, counsel for the Debtors, as follows:

1. The Automatic Stay as provided by Section 362 of the Bankruptcy Code shall remain in full force and effect conditioned upon the terms and conditions set forth herein.

2. This Stipulation pertains to the property located at **49 WEST BASIN STREET, NORRISTOWN, PA 19401-3861**, mortgage account ending with **"2145"**.

3. The parties agree that the total post-petition arrearage consists of seven (7) monthly payments for the months of December 2015 through June 2016 at $790.85 each; less Debtor's suspense in the amount of $330.00; resulting in the total post-petition arrearage amount of $5,205.95.

4. Within ten (10) days from the date that this stipulation is approved by the Court, Debtor agrees to amend the Chapter 13 Plan to include the aforementioned post-petition delinquency in the amount of $5,205.95, representing all arrearages, charges, fees and other post-petition amounts due through June 2016. The parties agree that Movant may file a Notice of Post-Petition Fees, Charges and Expenses as a supplement to the file Proof of Claim for the above-stated amount and that same shall be deemed approved upon entry of the Order approving this Stipulation.

5. The parties agree that the allowed amended secured claim of Movant for pre-petition arrearages in the amount of $8,891.98 and Post-Petition supplement in the amount of $5,205.95 will be paid, in full, through the Amended Chapter 13 Plan. The total delinquency to be paid to Movant through the Chapter 13 plan is $14,097.93.

6. Debtor agrees to remain current post-petition from this day forward. Beginning July 1, 2016, all subsequent monthly payments and late charges shall be due in accordance with the terms of the Mortgage. All payments made pursuant to this Stipulation shall be by certified check or money order payable to **WELLS FARGO BANK, N.A., ONE HOME CAMPUS, MAC X2302-04C, DES MOINES, IA 50328.**

7. If Debtors provides sufficient proof (front and back copies of checks or money orders) of payments made, but not already credited, the account will be adjusted accordingly.

8. Should the Debtor fail to file an Amended Chapter 13 Plan within the time period prescribed above, or if any regular monthly mortgage payment commencing July 1, 2016 is more than fifteen (15) days late, Movant may send Debtor and counsel a written Notice of Default of this Stipulation. If the default is not cured within ten (10) days of the date of the Notice, counsel shall file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay waiving FED. R. Bankr. P. 3002.1 and waiving Rule 4001 (a)(3) so that the Relief Order is immediately effective and enforceable.

9.  In the event the Debtors convert to a Chapter 7 during the pendency of this bankruptcy case, the Debtors shall cure all arrears within ten (10) days from the date of conversion in order to bring the loan contractually current. Should the Debtors fail to bring the loan contractually current, Movant shall send Debtors and counsel a written Notice of Default of this Stipulation. If the default is not cured within ten (10) days of the date of the Notice, counsel shall file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay waiving FED. R. Bankr. P. 3002.1 and waiving Rule 4001 (a)(3) so that the Relief Order is immediately effective and enforceable.

10. Debtor's tendering of a check to **WELLS FARGO BANK, N.A.**, which is subsequently returned due to insufficient funds in the account upon which the check is drawn, shall not constitute payment as the term is used in this Stipulation.

11. The parties stipulate that Movant shall be permitted to communicate with the ~~Debtor and~~ Debtor's Counsel to the extent necessary to comply with applicable non-bankruptcy law.

12. This stipulation survives any loan modification agreed to and executed during the instant bankruptcy. If any regular monthly mortgage payment due after the execution of a loan modification is more than fifteen (15) days late, Movant shall send Debtor and counsel a written Notice of Default of this Stipulation. If the default is not cured within ten (10) days from the date of the Notice, counsel may file a Certification of Default with the Court and the Court shall enter and Order granting relief from the Automatic Stay and waving Rule 4001(a)(3) so that Relief Order is immediately effective and enforceable.

13. The parties agree that a facsimile signature shall be considered an original signature.

Date:   June 22, 2016

_/s/ Jay B. Jones_
Jay B. Jones, Esq.
Jerome Blank, Esq.
Joseph P. Schalk, Esq.
Andrew L. Spivack, Esq.
Attorneys for Movant

_/s/ Michael W. Gallagher_
MICHAEL W GALLAGHER, ESQUIRE
Attorney for Debtor